1 copy

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN - 9 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| WILBUR ALLMOND AND GILBERTO WISE    Plaintiffs, | § § § § |
| v. | § § SA-04-CA-1142-RF |
| AKAL SECURITY, INC. AND ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES    Defendant. | § § § § § § |

4:05-CV-96

FILED
2005 AUG 22 AM 9:00
U.S. DISTRICT COURT
MIDDLE GEORGIA
DEPUTY CLERK

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant's Motion to Transfer Claims of Plaintiff Allmond to the Middle District of Georgia for Improper Venue (Docket No. 22), as well as Plaintiff Gene Allmond's Response. After due consideration, the Court is of the opinion that Defendant's Motion should be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a disability discrimination suit challenging the termination of two Court Security Officers (CSOs) pursuant to the Rehabilitation Act and the Americans With Disabilities Act ("ADA"). Plaintiff Allmond was employed as a CSO in Columbus, Georgia, in the Middle District of Georgia. Plaintiff Wise was employed as a CSO in San Antonio, Texas, in the Western District of Texas. Both Wise and Allmond were terminated because they did not pass the United States Marshall Service medical qualification. Mr. Wise was a diabetic, whereas Mr. Allmond suffers from hearing loss.

### DISCUSSION

The Government challenges venue as to Plaintiff Allmond contending that no evidence

27

A true copy of the original, I certify
Clerk, U. S. District Court
By _____
Deputy

exists to show that the alleged unlawful employment practice occurred in Texas and that the U.S. Marshall Service ("USMS") does not maintain any records pertaining to Plaintiff Allmond in the Western District of Texas. In contrast, Plaintiff Allmond argues that proper venue lies in the Western District of Texas for both cases because the two Plaintiffs performed similar job functions, were fired under the same newly revised USMS rules, and a combined case would reduce the cost and burden on the parties and the courts.

The Court looks to the general venue statute, 28 U.S.C. § 1391, to assess whether Texas or Georgia is the proper venue for Plaintiff Allmond's claims.[1] After due consideration, the Court is not persuaded by Plaintiff Allmond's argument that the venue which is proper for Plaintiff Wise's claims also is proper for his claims. There is no evidence that Plaintiff Allmond has any meaningful connections to the Western District of Texas, and no substantial part of the events or omissions giving rise to the claim occurred in Texas. Rather than dismiss Plaintiff Allmond's claims, the Court agrees with the Government that transferring the matter to the Middle District of Georgia would be the most sensible and efficient judicial remedy for this case.

## CONCLUSION

Accordingly, it is therefore ORDERED that Defendant's Motion to Transfer Claims of Plaintiff Allmond to the Middle District of Georgia for Improper Venue (Docket No. 22) be GRANTED.

It is SO ORDERED.

SIGNED this 9th day of June, 2005.

ROYAL FURGESON
UNITED STATES DISTRICT JUDGE

---

[1] See Gilbert v. Texas Mental Health and Mental Retardation, 888 F.Supp. 775, 776-77 (N.D. Tex. 1995).

R:\Kapur\Civil\JUNE\Almond v. Akal Security et al\Motion to transfer venue.wpd - Page 2