FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2005 JUN 16  A 10: 45

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

Wilbur Allmond and Gilberto Wise,     §     CIVIL ACTION NO. SA-04-CA-1142-RF
              Plaintiffs,               §                    BY_____DEPUTY
                                        §
vs.                                     §
                                        §
                                        §
Akal Security, Inc. and Alberto Gonzales, §
Attorney General of the United States,  §
              Defendants                 §     A JURY IS DEMANDED

**Plaintiff Gene Allmond's Motion for Reconsideration**

The plaintiff, Wilbur "Gene" Allmond, respectfully asks this Court to reconsider its order

transferring the case to the Middle District of Georgia. More than three decades of federal law

establish that venue is proper in San Antonio, for both Mr. Wise and Mr Allmond.

**Introduction**

The plaintiff understands that the Court is vested with substantial discretion about venue

decisions, and he will of course accept the Court's resolution of this issue. Likewise, he

understands that he has no right to a point-by-point rebuttal of his legal arguments that venue is

proper in the Western District of Texas. But, because of the unique nature of this case, the

plaintiff respectfully asks this Court to at least take another look at this issue, because he

sincerely believes that a transfer will only cause delay and added expense to all three parties.

This case involves a decision that focuses on decisions made by Akal – not from its

office in the Middle District of Georgia, but from its home office in New Mexico.[1] Even the

---

[1]Akal concedes that venue is proper for Mr. Allmond's claims against it right here in this
Court, and as explained below, this alone should foreclose a transfer of his derivative claim against
the government.

A true copy of the original, I certify.
Clerk, U. S. District Court
By_____
Deputy

government's role in asking Akal to remove Mr. Allmond stemmed, not from its office in the

Middle District of Georgia, but from the headquarters of the U.S. Marshal's Service in Crystal

City, Virginia, or from the U.S. Department of Public Health in Atlanta, Georgia. So a transfer

will not take the case to the place where events occurred, it will merely cause all parties to spend

more time and money on a case that has many common witnesses.

## The Court's Order

The Court is correct that this dispute is governed by 28 U.S.C. § 1391. The Court is also

right that there is no evidence that Mr. Allmond has any meaningful connections to the Western

District of Texas, and that none of the events that gave rise to his claim occurred in Texas.

Reflexively, this does give some appeal to the government's argument. However, Plaintiff

Allmond suggests that two solid legal principles foreclose this argument.

### When Venue is Proper as to One Plaintiff Against the Government,
### It is Proper as to All Plaintiffs

First, it is bedrock law that 28 U.S.C. § 1391 means that where venue is proper for *one*

plaintiff's claim against the government, it is proper over a co-plaintiff's claims. 15 Charles A.

Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure,* § 3815 (2d

ed. 1986). Indeed, this is not only the majority view, but, as one Court noted after surveying

decades of relevant case law, it is the "only view." *Sidney Coal Co., Inc. v. Massanari,* 221

F.Supp.2d 775 (E.D.Ky. 2002).

Here, there are two indisputable facts. One is that venue is clearly proper as to Mr.

Wise's claim against the government and Akal. Mr. Wise worked as a Court Security Officer in

this district – indeed in the San Antonio courthouse. Thus, according to the federal case law for

2

the past three decades, venue is proper as to Mr. Allmond's claims against the government as
well.

Second, it is indisputable that venue is now proper for Mr. Allmond's case against Akal,
his employer, and it is to that issue that we now turn.

## Pendent Venue is Yet Another Reason the Case is Properly
## in the Western District of Texas

Because there are two defendants involved in this case, there is yet another reason why
venue is proper in the Western District of Texas. That is because the primary defendant, Akal
Security, Inc., did not contest venue in this district. Akal was the employer of both Wise and
Allmond. Mr. Allmond's claims against Akal are therefore properly litigated in this District.

The doctrine of pendent venue provides that, if venue is proper on one claim, the Court
may uphold venue on other claims closely related to it. In considering whether to do so, courts
consider the following factors:

1. Whether the claims derive from a common nucleus of operation fact; and

2. Whether the exercise of jurisdiction furthers the goals of judicial economy,
convenience, and fairness to the litigants. *Seamon v. Upham,* 563 F.Supp. 396, 398-99
(E.D.Tex. 1983) *(citing United Mine Workers v. Gibbs,* 383 U.S. 715, 725-26 (1966)).

Those factors weigh heavily in favor of keeping the case in the Western District. The
discrimination claims are inter-twined – Akal admittedly fired Mr. Allmond and the government
ordered Akal to "remove" him from the job. And there is no unfairness to keeping the case here.
In fact, it would be cheaper for all the litigants if that occurred. Of course, the issue of pendent
venue need not be addressed because established law provides that in cases against the
government, where venue is proper for one plaintiff, it is also proper for a co-plaintiff. The issue

3

of pendent venue is raised only in the event that the Court disagrees with Mr. Allmond's view of

the law of venue in cases involving the government.

## Request for Oral Argument

Should the Court think it helpful in this most interesting issue, plaintiff would be happy

to present oral argument on it and entertain questioning from the Court.

## Conclusion

The plaintiff, Gene Allmond, respectfully asks this Court to reconsider its order

transferring his case to the Middle District of Georgia.

Respectfully submitted,

John Griffin by permission

**JOHN GRIFFIN, JR.**
State Bar No. 08460300
One Twenty Main Place, 3rd Floor
Victoria, Texas 77902
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiffs**

Of Counsel

**HOUSTON, MAREK & GRIFFIN, L.L.P.**

**Katherine L. Butler**
State Bar No. 03526300
Margaret A. Harris
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

4

**Certificate of Service**

I certify that a true and correct copy of this document has been served upon the defendant's counsel via first class mail on the 5 day of June 2005, addressed as follows:

Robert Shaw-Meadow
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

Katherine L. Butler

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2005 JUN 20  P 2: 39

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXA

BY_____
DEPUTY

WILBUR ALLMOND and GILBERTO WISE,  )
                                   )
            Plaintiffs,            )
                                   )        CIVIL ACTION NO.
v.                                 )        SA-04-CA1142-RF
                                   )
AKAL SECURITY, INC. and ALBERTO GONZALES, )
Attorney General of the United States,   )
                                   )
            Defendants.            )

## STIPULATION AND ORDER SUBSTITUTING PARTY

The parties to this action, through their respective attorneys of record stipulate and agree

as follows:

(1)     Gilberto Wise is no longer a party to this action by reason of death.

(2)     Peggy A. Knapp Wise, surviving spouse of Gilberto Wise, is substituted as a
        party to this action in place of Gilberto Wise.

Dated: June  17, 2005

Respectfully submitted:

**JOHN GRIFFIN, JR.**
Federal Bar No. 2238
Houston, Marek & Griffin, L.L.P.
One Twenty Main Place, Suite 301
Victoria, Texas 77901
(361) 573-5500 [telephone]
(361) 573-5040 [telecopier]

A true copy of the original, I certify,
Clerk, U. S. District Court,
By_____
                              Depu

**Katherine L. Butler**
Federal I.D. No. 4734
State Bar No. 03526300
Margaret A. Harris
Federal I.D. No. 87
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

**ATTORNEYS FOR PLAINTIFFS**

Iwana M. Rademaeckers, Esq.
Jackson Lewis, L.L.P.
3811 Turtle Creek Boulevard, Suite 500
Dallas, Texas 75219-4497

Kurt Peterson
Jackson Lewis, L.L.P.
245 Peachtree Center Avenue, NE
1900 Marquis One Tower
Atlanta, Georgia 30303

Attorney for Defendant Akal Security

Robert Shaw-Meadow
Joseph Rodriguez
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

Attorney for Defendant Attorney General of the
United States

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2005 JUN 20  P 2: 39

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXA

BY_____ DEPUTY

WILBUR ALLMOND and GILBERTO WISE,          )
                                           )
            Plaintiffs,                     )
                                           )        CIVIL ACTION NO.
v.                                          )        SA-04-CA1142-RF
                                           )
AKAL SECURITY, INC. and ALBERTO GONZALES,   )
Attorney General of the United States,      )
                                           )
            Defendants.                     )

## STATEMENT OF FACT OF DEATH

Peggy A. Knapp Wise, surviving spouse of Gilberto Wise, suggests upon the record the

death of Gilberto Wise pursuant to Rule 25 (a)(1) during the pendency of this action.

It is further suggested that Peggy A. Knapp Wise to substituted as the Plaintiff in the

action in place of the deceased.

Dated: June 17, 2005

Respectfully submitted:

JOHN GRIFFIN, JR.
Federal Bar No. 2238
Houston, Marek & Griffin, L.L.P.
One Twenty Main Place, Suite 301
Victoria, Texas 77901
(361) 573-5500 [telephone]
(361) 573-5040 [telecopier]

A true copy of the original, I certify.
Clerk, U. S. District Court
By_____
                        Deputy

**Katherine L. Butler**
Federal I.D. No. 4734
State Bar No. 03526300
Margaret A. Harris
Federal I.D. No. 87
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that, on June  17 , 2005, a true and correct copy of the foregoing
**STATEMENT OF FACT OF DEATH**
was forwarded by certified mail, return receipt requested, to Defendants at the following address:

Iwana M. Rademaekers, Esq.
Jackson Lewis, L.L.P.
3811 Turtle Creek Boulevard, Suite 500
Dallas, Texas 75219-4497

Kurt Peterson
Jackson Lewis, L.L.P.
245 Peachtree Center Avenue, NE
1900 Marquis One Tower
Atlanta, Georgia 30303

Robert Shaw-Meadow
Joseph Rodriguez
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

John W. Griffin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

JUN 2 3 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

WILBUR ALLMOND and GILBERTO WISE,      )
                                       )
        Plaintiffs,                    )
                                       )   CIVIL ACTION NO.
v.                                     )   SA-04-CA1142-RF
                                       )
AKAL SECURITY, INC. and ALBERTO GONZALES, )
Attorney General of the United States, )
                                       )
        Defendants.                    )

**ORDER**

It is so ordered that Peggy A. Knapp Wise is substituted as a party to this action.

Signed this 23rd day of June, 2004.

_____
United States District Judge

A true copy of the original, I certify.
Clerk, U. S. District Court
By_____
Deputy

31

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JUN 2 9 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

WILBUR ALLMOND AND                    )
GILBERTO WISE                         )
                                      )
              Plaintiffs,             )
v.                                    )   CIVIL ACTION NO. SA-04-CA-1142-RF
                                      )
AKAL SECURITY, INC. AND               )
ALBERTO GONZALES, ATTORNEY            )
GENERAL OF THE UNITED STATES,         )
                                      )
              Defendants.             )

## DEFENDANT GONZALES' RESPONSE IN OPPOSITION TO PLAINTIFF ALLMOND'S MOTION FOR RECONSIDERATION

1.    Defendant Gonzales respectfully submits that the Court got it right the first time. Although this Court certainly has discretion to reconsider its June 9th Order Granting Defendant's Motion to Transfer Venue, Plaintiff Allmond has essentially reiterated the same arguments previously rejected by the Court.

2.    A motion for reconsideration may not be used by a party as a second opportunity to present its strongest case. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The doctrine of law of the case is a strong one, and reconsideration generally should be granted "only for the most cogent of reasons and to avoid manifest injustice." *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir. 1978), *overruled on other grounds, Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir. 1983). Reconsideration should be denied unless there has been an intervening change in controlling law, new and substantially different evidence becomes available, or the prior decision by the Court was clearly erroneous **and** would work a manifest injustice. *See*

A true copy of the original, I certify.
Clerk, U. S. District Court
By _____
Deputy

*White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967).

3.      There certainly can be no "manifest injustice" in requiring Plaintiff Allmond to litigate his claims in the forum where he currently resides and where he was previously employed. Plaintiff concedes in his Motion for Reconsideration that " **[t]he Court is ... right that there is no evidence that Mr. Allmond has any meaningful connections to the Western District of Texas, and that none of the events that gave rise to his claim occurred in Texas**." Plaintiff Gene Allmond's Motion for Reconsideration at p. 2 (emphasis added). Allmond also does not dispute the Court's finding that venue for his action is proper in the Middle District of Georgia. Allmond only disputes whether venue would also be proper in the Western District of Texas because this District is the proper venue for Plaintiff Wise's claims.

4.      Plaintiff Allmond asks the Court to take "another look at this issue because he sincerely believes that a transfer will only cause delay and added expense to all three parties." Motion for Reconsideration at p. 1. Plaintiff made this identical argument in his original Response to Attorney General's Motion to Transfer. He did not support this "belief" with any evidence then, and it is still completely unsupported. Plaintiffs are apparently the only ones who believe that transfer will result in delay and added expense.[1] Plaintiff's

---

[1]Plaintiff Allmond claims that Akal's decision not to contest venue "should foreclose a transfer of [Allmond's] derivative claim against the government." Motion for Reconsideration at p. 1 n.1. Plaintiff cites no authority for this proposition. Defendant Akal apparently decided not to contest venue as to Plaintiff Allmond. They have expressed no opinion regarding whether it would be cheaper or more convenient to try these two cases together. Certainly Defendant Akal's decision not to challenge venue does not serve as a waiver of the Attorney General's right to challenge venue. Moreover, Plaintiff's self-serving characterization of the Government as the "ancillary," "derivative" Defendant, and Akal as the "primary" defendant are neither relevant or helpful to the Court. Both Defendants are charged with disability discrimination, and Plaintiff is seeking compensatory

-2-

counsel has repeatedly made the unsupported claim that "[i]t is far cheaper for all parties to have joint discovery on this case."[2] Plaintiff's Response to Motion to Transfer Venue at p. 9. Contrary to this hollow prediction, the discovery actually propounded by Plaintiffs' counsel to date amply demonstrates that little savings will result from litigating the claims of Allmond and Wise together in one lawsuit. Indeed, Plaintiffs' counsel did not propound "joint discovery" together for both Plaintiffs, but separate discovery for each individual Plaintiff. No cost savings were realized here. *Compare* Plaintiff Gene Allmond's First Set of Interrogatories and Requests for Production of Documents to Alberto Gonzales (Exhibit 1 attached) *to* Plaintiff Gilberto Wise's First Set of Interrogatories and Requests for Production of Documents to Alberto Gonzales (Exhibit 2 attached). This discovery amply demonstrates that the claims of Plaintiff Wise and Plaintiff Allmond constitute two separate cases, which will require separate discovery, separate motions for summary judgment, separate adjudications, and separate trials.

     5.    Plaintiff's argument that where venue is proper as to one plaintiff it is proper

---

damages, attorneys fees, and interest from both. Plaintiff is also seeking punitive damages against Defendant Akal, in recognition that punitive damages cannot be recovered against the Government, and Defendant submits not because Plaintiff or his counsel has made a determination that the Government is "only a secondary defendant."

[2]To the extent any cost savings would result from deposing any common witnesses once rather than twice, undersigned counsel is fully prepared to schedule such depositions jointly after Plaintiff Allmond's claims are transferred to the Middle District of Georgia, or at least on the same day at the same location, so that Plaintiffs' counsel is not required to make two separate trips to depose the same witness in two different cases. While counsel appreciates Plaintiff's stated concern about "saving taxpayer money," he respectfully submits that he is in a better position than Plaintiffs' counsel to evaluate the most cost effective means to defend this lawsuit on behalf of the taxpayers. Undersigned counsel, the Attorney General, and the Marshals Service -- contrary to Plaintiff's suggestion -- are not "opposed to saving taxpayer money." *See* Plaintiff's Response to Motion to Transfer Venue at p. 2.

-3-

for all is not based upon employment discrimination cases and proves far too much. In contrast to the cases cited by Plaintiff under the general venue statute[3] and cases which discuss the broad concepts of pendent jurisdiction and pendent venue, the most specific cases which involve the attempt by separate plaintiffs to bring employment discrimination claims in the same lawsuit are cited by Defendant. These cases hold that venue must be established separately for each plaintiff, and that the existence of venue as to one plaintiff does not satisfy the venue requirements as to other plaintiffs in the same lawsuit. *See Dukes v. Wal-Mart Stores*, 2001 WL 1902806 (N.D. Cal. Dec. 3, 2001); *McManus v. Washington Gas Light Co.*, Civ. A. No. 90-3-3169, 1991 WL 222345 (D.D.C. Oct. 15, 1991) (cited at pp 9-10 of Defendant's Motion to Transfer). Plaintiff's argument that separate proof of venue as to each plaintiff is unnecessary in cases against the Government because "[a]fter all, the government has offices in virtually all of the country's judicial districts"[4] proves far too much. If this argument were accepted by the Court and

---

[3]Defendant acknowledges that the Court concluded the general venue statute, rather than the Title VII venue statute, governs this action, relying upon one decision from the Northern District of Texas: *Gilbert v. Texas Mental Health and Mental Retardation*, 888 F. Supp. 775 (N. D. Tex. 1995). Defendant submits that more recent Fifth Circuit authority holds otherwise. *See In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003) ("Congress has adopted special venue provisions for the type of litigation involved in this case (claims under Title VII and the ADA) ... 42 U.S.C. § 2005e05(f)(3) [the Title VII venue statute]."). Although determination of which venue statute controls is not necessary for the adjudication of Plaintiff's Motion for Reconsideration, Defendant also submits that the greater weight of persuasive authority holds that the Title VII statute, rather than the general venue statute, governs ADA and Rehab Act cases. *See, e.g., Bolar v. Frank*, 938 F.2d 377 (2d Cir. 1991); *Archuleta v. Sullivan*, 725 F. Supp. 602 (D.D.C. 1989) (cited at pp 4-5 of Defendant's Motion to Transfer). *See also Bruce v. U.S. Dept. of Justice, F.B.I.*, 167 F. Supp. 2d 524, 527 (N.D.N.Y. 2001), *rev'd on other grounds,* 314 F.3d 71 (2d Cir. 2002); *Lengacher v. Reno*, 75 F. Supp. 2d 515 (D.D.C. 1999).

[4]Plaintiff's Response to Motion to Transfer Venue at p. 6.

-4-

applied to employment discrimination cases, Plaintiffs' counsel would be free to add
Plaintiffs from Hawaii, Alaska, Idaho, Rhode Island, Florida, and other disparate locations,
and adjudicate the claims of all such Plaintiffs in the Western District of Texas, solely
because venue as to the claims of Plaintiff Wise is proper here.

6.     On one point Defendant and Plaintiff Allmond can agree: "Venue ... 'is a
concept oriented around the convenience of the litigants and the court system. ... For this
reason, federal courts are given great discretion in determining venue." Plaintiff Allmond's
Response to Motion to Transfer Venue at p. 5 (quoting *Jones v. U.S.*, 407 F. Supp. 873,
876 (N. D. Tex. 1976)).  Plaintiff has presented no evidence whatsoever that it would be
inconvenient for him to litigate this case where he resides in the Middle District of Georgia.
Nor has he presented any evidence that it would be more convenient for him to litigate his
claims in the Western District of Texas.  Plaintiff has also not disputed that once a
defendant has raised a proper objection to venue, the plaintiff bears the burden of proof
to establish that the venue he choose is proper. *E.g., Smith v. Fortenberry*, 903 F. Supp.
1018, 1020 (E.D. La. 1995); 15 Wright, Miller & Cooper, Federal Practice and Procedure
§ 3826 (2d ed. 1986).

For all the foregoing reasons, the Court need not reconsider its decision to transfer
Plaintiff Allmond's claims to the Middle District of Georgia.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that
the Court DENY Plaintiff Allmond's Motion for Reconsideration, and that the claims of
Plaintiff Allmond be promptly transferred to the Middle District of Georgia.

-5-

DATED: June 29, 2005

Respectfully submitted,
JOHNNY SUTTON
United States Attorney

By:

ROBERT SHAW-MEADOW

OF COUNSEL:
Mr. C. Joseph Carroll
Office of General Counsel
United States Marshals Service
United States Department of Justice
Washington, DC 20530-1000

Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7355
Fax  (210) 384-7312
Texas Bar No. 18162475

JOSEPH RODRIGUEZ
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7305
Fax (210) 384-7312
Ohio Bar No. 0072958

**ATTORNEYS FOR DEFENDANT
ALBERTO GONZALES**

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Response to Plaintiff Gene Allmond's Motion for Reconsideration, was sent by certified mail on this the ⁄/ day of June, 2005, addressed as follows:

John Griffin, Jr.
One Twenty Main Place, 3ʳᵈ Floor
Victoria, Texas 77902

Katherine L. Butler
1007 Heights Boulevard
Houston, Texas 77008

Kurt Peterson
Jackson Lewis LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia 30303-1226

ROBERT SHAW-MEADOW
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Wilbur Allmond and Gilberto Wise, | § | CIVIL ACTION NO. SA-04-CA-1142-RF |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| Akal Security, Inc. and Alberto Gonzales, | § | |
| Attorney General of the United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

### Plaintiff Gene Allmond's First Set of Interrogatories
### and Requests for Production of Documents to Alberto Gonzales, Attorney General of the
### United States

The plaintiff, Wilbur "Gene" Allmond, serves these discovery requests on Alberto Gonzales,

Attorney General of the United States, as authorized by Rules 26, 33, and 34 of the Federal Rules

of Civil Procedure. The plaintiff requests that the documents be produced at the offices of Butler

& Harris, 1007 Heights Boulevard, Houston, Texas 77008, within thirty days of the date this request

is received.

#### Definitions and Instructions

1.     "Defendant," "you," or "your" shall mean Alberto Gonzales, Attorney General of the

United States.

2.     "Person" shall mean and include natural persons, partnerships, corporations,

unincorporated associations, and all other forms of organization or association.

3.     The singular shall include the plural and vice versa.

4.     To "identify" a person where the person is a natural person, means to state the

person's full name, employer, job title or position, present or last known address, and telephone

number.

5.     To "identify" a person where the person is other than a natural person, means to state the person's full name, the kind of legal entity it is, its present or last known address, and its executive officer.

6.     If the answer to any interrogatory is not made from the personal knowledge of the person signing the answers to these interrogatories, identify each person from whom, or documents from which, the information was obtained to make the particular answer and also identify each person having personal knowledge of such information.

7.     If you claim that any document described in these requests is privileged, or if you otherwise decline to produce a document responsive to one or more of the following requests, you are required to give the date of the document, the names, addresses and telephone numbers of the author and recipients of the document, the subject matter of the document, and the specific, detailed reasons on which you are claiming that the document is privileged or on which you are otherwise declining to produce that document.

Respectfully submitted,

JOHN GRIFFIN, JR. by
State Bar No. 08460300
One Twenty Main Place, 3rd Floor
Victoria, Texas  77902
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiffs**

Of Counsel

REBECCA D. ROZMUS
and
HOUSTON, MAREK & GRIFFIN, L.L.P.

2

**Katherine L. Butler**
State Bar No. 03526300
Margaret A. Harris
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

## Certificate of Service

I certify that a true and correct copy of this document has been served upon the defendants' counsel via first class mail on the *13th* day of May 2005, addressed as follows:

Robert Shaw-Meadow
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

Katherine L. Butler

Interrogatories and Requests for Production

Interrogatory No.1: Identify any and all job duties that were foreseeably required of a Court Security Officer from January 1, 2003 to March 1, 2004.

ANSWER:

Request for Production No. 1: Please produce any and all documents that list or set forth the job duties identified in Interrogatory No. 1.

ANSWER:

Interrogatory No. 2: Identify any and all job duties that you allege Mr. Allmond was unable to perform or was substantially impaired in performing at the time he was terminated from his job in 2004 and describe the basis for your conclusions.

ANSWER:

Request for Production No. 2: Please produce any and all documents that list or set forth any essential functions of the job that Mr. Allmond was unable to perform or was substantially impaired in performing.

ANSWER:

Interrogatory No. 3: Identify any and all studies, research programs, reports, test groups or other methods used as the basis for or in developing the medical criteria regulating the hiring and/or retainment of Court Security Officers with regard to medical limitations including, but not limited to, hearing capacity, sight capacity, diabetes, heart disease, and hypertension from 1993

to the present. Include in your answer the dates of the study or other program, by whom it was conducted, the participants, and the results.

ANSWER:

Request for Production No. 3: Please produce any and all documents that were generated as a result of or during any research programs, studies, reports, test groups or other methods identified in your response to Interrogatory No. 3, including, but not limited to reports, papers, articles, diaries, or journals.

ANSWER:

Interrogatory No. 4: Identify any and all input, contributions, criticism, review or approval by any federal judge regarding the proposed and/or enacted medical criteria used in the hiring or retainment of Court Security Officers from 1993 to the present.

ANSWER:

Request for Production No. 4: Please produce any and all documents reflecting or recording any and all input, contributions, criticism, review or approval by any federal judge regarding the proposed and/or enacted medical criteria used in the hiring or retainment of Court Security Officers from 1993 to the present.

ANSWER:

Interrogatory No. 5:  Identify any and all employment problems relating to performance of the essential functions of Court Security Officers that have actually occurred as a result of a medical condition of a Court Security Officer including, but not limited to hearing, sight, hypertension, diabetes or heart disease since 1993.

ANSWER:

Request for Production No. 5:  Please produce any and all documents that record or reflect any and all employment problems relating to performance of the essential functions of Court Security Officers that have actually occurred as a result of a medical condition of a Court Security Officer including, but not limited to hearing, sight, hypertension, diabetes or heart disease since 1993.

ANSWER:

Request for Production No. 6:  Please produce any and all documents listing, identifying or generated by any and all medical persons or those affiliated with the medical profession who participated in the promulgation, review and acceptance of the medical criteria that existed for Court Security Officers from 2001 to the present.

ANSWER:

Interrogatory No.6:  Identify any and all Court Security Officers who participated in or were interviewed about any changes in the physical and/or medical requirements of the Court Security Officer position from 2001 to the present.

ANSWER:

Interrogatory No. 7: Which essential job functions of a Court Security Officer was Gene Allmond unable to perform or substantially limited in performing?

ANSWER:

Request for Production No. 7: Please produce any and all testing you reviewed in considering Mr. Allmond's appeal of his termination.

ANSWER:

Request for Production No. 8: Please produce for the years 2001 to the present any and all form letters or templates used to send letters to Akal Security, Inc. or for use by Akal Security, Inc. or to Court Security Officers, regarding disabilities and necessary criteria to be met for performing the Court Security Officer job.

ANSWER:

Request for Production No. 9: Please produce any and all manuals, policies, employee handbooks or instructions from 2001 to present that include information on implementing and/or communicating the medical criteria and job responsibilities to Court Security Officers or the United States Marshal's office.

ANSWER:

Request for Production No. 10: Please produce any and all correspondence from 2000 to the present between Akal Security, Inc. and Court Security Officers in your possession, regarding or touching upon the medical criteria for job hiring or retention as a Court Security Officer.

ANSWER:

Request for Production No. 11: Please produce any and all documents generated by the government, including the United States Marshal's office, justifying or supporting the medical screening changes made from 2000 to the present.

ANSWER:

Request for Production No. 12: Please produce, for the years 2000 to the present, any and all documents reflecting the precise hiring and retention policies for Court Security Officers with regard to those with hearing loss (including hearing aids), glasses/contacts, hypertension, heart disease, and insulin-dependant diabetics.

ANSWER:

Request for Production No. 13: Please produce any and all correspondence between Akal Security, Inc. and any government agency, including the United States Marshal's office, regarding or touching upon implementation of the new policy of medical criteria for job hiring or retention as a Court Security Officer.

ANSWER:

Request for Production No. 14: Please produce all letters received from federal judges about any concerns regarding the revised medical standards and any responses thereto.

ANSWER:

Request for Production No. 15: Please produce any and all documents generated by the government, including the United States Marshal's office, criticizing in any way or questioning the medical screening changes made from 2000 to the present.

ANSWER:

Request for Production No. 16: Please produce any and all medical documents regarding Mr. Allmond as well as any medical test results and raw data from said tests.

ANSWER:

Interrogatory No. 8: Please identify all documents reviewed in connection with the decision to remove Mr. Allmond as a Court Security Officer. NOTE: The removal referred to is referenced in a letter dated February 2, 2004, from Maxine Robinson to Akal Security, Inc. Please advise if you need a copy of this letter.

ANSWER:

Request for Production No. 17: Please produce all documents reviewed in connection with the decision to remove Mr. Allmond as a Court Security Officer.

ANSWER:

Request for Production No. 18: Please state what steps, if any, have been taken to reevaluate the hearing standards for Court Security Officers from January 1, 2004, to the present.

ANSWER:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Wilbur Allmond and Gilberto Wise, | § | CIVIL ACTION NO. SA-04-CA-1142-RF |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| Akal Security, Inc. and Alberto Gonzales, | § | |
| Attorney General of the United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

### Plaintiff Gilberto Wise's First Set of Interrogatories
### and Requests for Production of Documents to Alberto Gonzales, Attorney General of the
### United States

The plaintiff, Gilberto Wise, by and through his widow, Peggy Wise, serves these discovery

requests on Alberto Gonzales, Attorney General of the United States, as authorized by Rules 26, 33,

and 34 of the Federal Rules of Civil Procedure. The plaintiff requests that the documents be

produced at the offices of Butler & Harris, 1007 Heights Boulevard, Houston, Texas 77008, within

thirty days of the date this request is received.

#### Definitions and Instructions

1.      "Defendant," "you," or "your" shall mean Alberto Gonzales, Attorney General of the

United States.

2.      "Person" shall mean and include natural persons, partnerships, corporations,

unincorporated associations, and all other forms of organization or association.

3.      The singular shall include the plural and vice versa.

4.      To "identify" a person where the person is a natural person, means to state the

person's full name, employer, job title or position, present or last known address, and telephone

number.

EXHIBIT
2

5.    To "identify" a person where the person is other than a natural person, means to state the person's full name, the kind of legal entity it is, its present or last known address, and its executive officer.

6.    If the answer to any interrogatory is not made from the personal knowledge of the person signing the answers to these interrogatories, identify each person from whom, or documents from which, the information was obtained to make the particular answer and also identify each person having personal knowledge of such information.

7.    If you claim that any document described in these requests is privileged, or if you otherwise decline to produce a document responsive to one or more of the following requests, you are required to give the date of the document, the names, addresses and telephone numbers of the author and recipients of the document, the subject matter of the document, and the specific, detailed reasons on which you are claiming that the document is privileged or on which you are otherwise declining to produce that document.

Respectfully submitted,

JOHN GRIFFIN, JR. by
State Bar No. 08460300
One Twenty Main Place, 3rd Floor
Victoria, Texas 77902
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiffs**

Of Counsel

**REBECCA D. ROZMUS**
and
**HOUSTON, MAREK & GRIFFIN, L.L.P.**

2

**Katherine L. Butler**
State Bar No. 03526300
Margaret A. Harris
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (713) 526-5691

## Certificate of Service

     I certify that a true and correct copy of this document has been served upon the defendants' counsel via first class mail on the 13th day of May 2005, addressed as follows:

Robert Shaw-Meadow
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

Katherine L. Butler

Interrogatories and Requests for Production

Interrogatory No.1:  Identify any and all the essential functions  of a Court Security Officer from September 1, 2002 to November 1, 2003.

ANSWER:

Request for Production No. 1:  Please produce any and all documents that list or set forth the essential functions identified in Interrogatory No. 1.

ANSWER:

Interrogatory No. 2:  Identify any and all job duties that you allege Mr. Wise was unable to perform or was substantially impaired in performing at the time he was terminated from his job in 2003 and the describe basis for your conclusions.

ANSWER:

Request for Production No. 2:  Please produce any and all documents that list or set forth any essential functions of the job that Mr. Wise was unable to perform or was substantially impaired in performing.

ANSWER:

Interrogatory No. 3: Identify any and all studies, research programs, reports, test groups or other methods used as the basis for or in developing the medical criteria regulating the hiring and/or retainment of Court Security Officers with regard to diabetes from 1993 to the present. Include in your answer the dates of the study or other program, by whom it was conducted, the participants, and the results.

ANSWER:

Request for Production No. 3: Please produce any and all documents that were generated as a result of or during any research programs, studies, reports, test groups or other methods identified in your response to Interrogatory No. 3, including, but not limited to reports, papers, articles, diaries, or journals.

ANSWER:

Interrogatory No. 4: Identify any and all input, contributions, criticism, review or approval by any federal judge regarding the proposed and/or enacted medical criteria used in the hiring or retainment of Court Security Officers with diabetes from 1993 to the present.

ANSWER:

Request for Production No. 4: Please produce any and all documents reflecting or recording any and all input, contributions, criticism, review or approval by any federal judge regarding the proposed and/or enacted medical criteria used in the hiring or retainment of Court Security Officers with diabetes from 1993 to the present.

ANSWER:

Interrogatory No. 5: Identify any and all employment problems relating to performance of the essential functions of Court Security Officers that have actually occurred as a result of a medical condition of a Court Security Officer involving diabetes since 1993.

ANSWER:

Request for Production No. 5: Please produce any and all documents that record or reflect any and all employment problems relating to performance of the essential functions of Court Security Officers that have actually occurred as a result of a medical condition of a Court Security Officer involving diabetes since 1993.

ANSWER:

Request for Production No. 6: Please produce any and all documents listing, identifying or generated by any and all medical persons or those affiliated with the medical profession who participated in the promulgation, review and acceptance of the medical criteria that existed for Court Security Officers with regard to diabetes from 2000 to the present.

ANSWER:

Interrogatory No.6: Identify any and all Court Security Officers who participated in or were interviewed about any changes in the physical and/or medical requirements of the Court Security Officer position with respect to diabetes from 2000 to the present.

ANSWER:

Interrogatory No. 7: Which essential job functions of a Court Security Officer was Gilberto Wise unable to perform or substantially limited in performing?

ANSWER:

Request for Production No. 7: Please produce any and all testing you reviewed in considering Mr. Wise's appeal of his termination.

ANSWER:

Request for Production No. 8: Please produce any and all documents generated by the government, including the United States Marshal's office, justifying or supporting the medical screening changes regarding diabetes made from 2000 to the present.

ANSWER:

Request for Production No. 9: Please produce for the years 2000 to the present any and all documents reflecting the precise hiring and retention policies for Court Security Officers with regard to those with diabetes.

ANSWER:

Request for Production No. 10: Please produce any and all correspondence between Akal Security, Inc. and any government agency, including the United States Marshal's Service, regarding or touching upon implementation of the new policy of medical criteria for job hiring or retention of individuals with diabetes as Court Security Officers.

ANSWER:

Request for Production No. 11: Please produce all letters received from federal judges about any concerns regarding the revised medical standards for diabetes and any responses thereto.

ANSWER:

Request for Production No. 12: Please produce any and all documents generated by the government, including the United States Marshal's office, criticizing in any way or questioning the medical screening changes for diabetes made from 2000 to the present.

ANSWER:

Request for Production No. 13: Please produce any and all medical documents regarding Mr. Wise that you have in your possession as well as any medical test results and raw data from said tests that were reviewed or relied on in your decision to disqualify him from his job.

ANSWER:

Interrogatory No. 8: Please identify all documents reviewed in connection with the decision to remove Mr. Wise as a Court Security Officer. NOTE: The removal referred to is referenced in a letter dated September 30, 2003 from Donnell Sam to Daya Khalsa of Akal Security, Inc. Please advise if you need a copy of this letter.

ANSWER:

Request for Production No. 14: Please produce all documents reviewed in connection with the decision to remove Mr. Wise as a Court Security Officer.

ANSWER:

Interrogatory No. 9: Please identify the government's concern(s),if any, about the employment of individuals with diabetes, generally, as Court Security Officers, as well as the concerns the government had about Mr. Wise, specifically, regarding his diabetes.

ANSWER:

Interrogatory No. 10: Please identify the significance, if any, of the glycosolated hemoglobin
test (alc test) in assessing Mr. Wise's ability to perform the essential functions of his job.

ANSWER:

Interrogatory No. 11: Please identify how the glycosolated hemoglobin test is used, if at all, to
assess the ability of a Court Security Officer to perform the essential functions of his job.

ANSWER:

Request for Production No. 15: Please produce all guidelines and/or templates that are utilized
by the USMS or its agents for the condition of diabetes in Court Security Officers.

ANSWER:

FILED

JUL 2 5 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILBUR ALLMOND AND          )
PEGGY WISE                  )
                            )
            Plaintiffs,     )
v.                          )   CIVIL ACTION NO.  SA-04-CA-1142-RF
                            )
AKAL SECURITY, INC. AND     )
ALBERTO GONZALES, ATTORNEY  )
GENERAL OF THE UNITED STATES, )
                            )
            Defendants.     )
                            )

## JOINT MOTION FOR ENTRY OF CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

TO THE HONORABLE ROYAL FURGESON, UNITED STATES DISTRICT JUDGE:

NOW COME the parties herein, by and through their respective counsel of record, and submit this Joint Motion for Entry of Confidentiality Agreement and Protective Order. In support of this Joint Motion, the parties would respectfully show the Court the following:

1.      This is a disability discrimination case brought jointly by Wilbur Allmond, a former Court Security Officer (CSO) from Columbus, Georgia, and by Peggy Wise, the surviving spouse of Gilberto Wise, a CSO who worked in San Antonio, Texas.[1]

2.      Plaintiffs have initiated written discovery to both Defendants, and Defendant Attorney General has produced approximately 700 pages of documents to Plaintiffs.

---

[1]On June 9, 2005,  the Court granted Defendant's Motion to Transfer Venue regarding the claims of Plaintiff Allmond. Plaintiff Allmond filed a Motion for Reconsideration of this decision on June 15th, which is presently pending before the Court. Regardless of whether Plaintiff Allmond's claims are ultimately transferred to the Middle District of Georgia, or whether they remain here in the Western District of Texas, the parties are proceeding with discovery and have agreed to be bound by this Confidentiality Agreement and Protective Order.

33

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
                        Deputy

3.     Defendants believe that many of the documents requested in discovery contain sensitive information, which may be protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d et seq., and by Chief Judge Walter Smith's Order of May 24, 2004 Re: Privacy Policy and Public Access to Electronic Files. Accordingly, entry of the requested Confidentiality Agreement and Protective Order is necessary to facilitate the discovery process in this case.

4.     It is the intention of the parties that all documents produced in discovery by any party be subject to the terms of the agreed Confidentiality Agreement and Protective Order.

5.     Pursuant to the provisions of the Privacy Act, 5 U.S.C. § 552a and Fed.R.Civ.P 26(c), the parties have reached an agreement regarding a protective order, which is submitted with this Joint Motion.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request that the Court promptly enter the attached Confidentiality Agreement and Protective Order so that further discovery may proceed in this matter and that confidential information not be disseminated beyond the purpose of resolving disputed issues in this litigation.

DATED: July 25, 2005

Respectfully submitted,
JOHNNY SUTTON
United States Attorney

By:     ROBERT SHAW-MEADOW

OF COUNSEL:
Mr. C. Joseph Carroll
Office of General Counsel
United States Marshals Service
United States Department of Justice
Washington, DC 20530-1000

Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7355
Fax (210) 384-7312
Texas Bar No. 18162475

-2-

JOSEPH RODRIGUEZ
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7305
Fax (210) 384-7312
Ohio Bar No. 0072958

**ATTORNEYS FOR DEFENDANT
ALBERTO GONZALES**

*Kurt Peterson*

IWANA RADEMAEKERS     *with permission*
Local Counsel
State Bar No. 16452560
Jackson Lewis LLP
3811 Turtle Creek Boulevard
Suite 500
Dallas, Texas 75219-4497

KURT PETERSON
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia 30303-1226

**ATTORNEYS FOR DEFENDANT
AKAL SECURITY, INC.**

*John Griffin Jr.*

JOHN GRIFFIN, JR.
Houston, Marek & Griffin, L.L.P.     *with permission*
State Bar No. 08460300
One Twenty Main Place, 3rd Floor
Victoria, Texas 77902

Katherine L. Butler
State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008

**ATTORNEYS FOR PLAINTIFFS**

-3-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JUL 2 7 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

WILBUR ALLMOND AND )
PEGGY WISE )
)
Plaintiffs, )
)
v. ) CIVIL ACTION NO.  SA-04-CA-1142-RF
)
AKAL SECURITY, INC. AND )
ALBERTO GONZALES, ATTORNEY )
GENERAL OF THE UNITED STATES, )
)
Defendants. )
)

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The matter before the Court is the parties' Joint Motion for Entry of Confidentiality Agreement and Protective Order, submitted to the Court on July 25, 2005.

After considering the parties' agreed Joint Motion and the status of this case, the Court is of the opinion that the Joint Motion should be GRANTED.

1.     All documents produced by the parties in discovery in this case shall be deemed "confidential documents" subject to the terms of this Confidentiality Agreement and Protective Order.

2.     All such confidential documents or any information derived therefrom shall be used solely in connection with the preparation and trial of the above-captioned action. However, all such confidential information may be made available for similar lawsuits by and among similar parties subject to the following conditions:

(a)     if a party or a party's counsel intends to use such information in a similar lawsuit, written advance notice of intention to disclose must be provided at least ten days prior to disclosure, to the party who provided the confidential information, and

A true copy of the original, I certify.
Clerk, U.S. District Court
By _____
Deputy

(b)  upon receiving written notice of the intended use of the confidential information, the party who produced the confidential information may file an objection and request a Protective Order from the Court.

3.  Neither the confidential documents nor any information derived therefrom shall be disclosed by Plaintiffs (or their counsel) and/or Defendants' representatives (or their counsel) to any natural person, corporation, partnership, firm or association whatsoever, except to:

(a)  any counsel who have filed appearances on behalf of a party to the above-captioned action;

(b)  employees of such counsel who have direct responsibility for assisting such counsel in the preparation and trial of the above-captioned action;

(c)  experts of a party who have direct responsibility for assisting counsel in the preparation and trial of the above-captioned action;

(d)  court reporters transcribing depositions in this action;

(e)  deponents at the time of a deposition or witnesses before and during depositions or trial;

(f)  any jury in the action;

(g)  the trial or appellate courts and their respective staffs.

4.  Upon the final conclusion of this lawsuit, the obligation to maintain the confidentiality of confidential documents and/or derivative information, shall continue with respect to all such information in the possession of Plaintiffs, Defendants and non-parties to whom confidential documents and/or derivative information were disclosed, until such time as the information is either returned to the disclosing party or destroyed through regular business practices. This paragraph will not apply to confidential documents and/or information that may

-2-

be made available for similar lawsuits under paragraph 2.

5.    Nothing in this Confidentiality Agreement and Protective Order shall limit any party's ability to offer any material designated as confidential into evidence at any judicial proceeding in this action.

6.    No party shall mention this Confidentiality Agreement and Protective Order or its contents – including any allegation that Plaintiffs sought confidential documents during discovery or that Defendants resisted any such discovery – in front of any jury called for the trial of this case.

7.    To the extent names and associated information or confidential information regarding Plaintiffs or other individuals are disclosed to any other persons for the purposes of this litigation, the party making or requiring such further disclosure shall make such other persons aware of this Order, and shall notify such other persons that they are bound by this Order.

8.    Should the parties file any documents with the Court which include individual identifying information such as home address, home telephone number, or social security number, such information shall be redacted in documents filed with the Court and provided in unredacted form to the other side, with the exception that the Government shall not be required to provide social security numbers of any individuals unless otherwise ordered by the Court.

IT IS SO ORDERED.

SIGNED this 27ᵗʰ day of July, 2005

HON. ROYAL FERGUSON
U.S. DISTRICT JUDGE

RECEIVED

JUN 2 0 2005

CLEF. U.S. DISTRICT COURT OF TEXAS
WEST. ...
BY DEPUTY CLERK

FILED

AUG 0 4 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY

DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILBUR ALLMOND and GILBERTO WISE,          )
                                            )
                    Plaintiffs,             )
                                            )      CIVIL ACTION NO.
v.                                          )      SA-04-CA1142-RF
                                            )
AKAL SECURITY, INC. and ALBERTO GONZALES,   )
Attorney General of the United States,      )
                                            )
                    Defendants.             )

## AGREED AMENDED SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following Scheduling Order:

1.      A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by October 31, 2005.

2.      The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by September 16, 2005, and each opposing party shall respond, in writing, by September 30, 2005.

3.      The parties shall file all motions to amend or supplement pleadings or to join additional parties by June 1, 2005.

4.      All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by September 15, 2005. Parties resisting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required

-1-

35-

A true copy of the original, I certify.
Clerk U. S. District Court
By
                                    Deputy

by Fed. R. Civ. P. 26(a)(2)(B) by October 14, 2005. All designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert

     5.     An objection to the reliability of an expert's proposed testimony under Federal rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 21 days of receipt of the written report of the expert's proposed testimony, or within 21 days of the expert's deposition, if a deposition is taken, whichever is later.

     6.     The parties shall complete all discovery on or before December 30, 2005. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

     7.     All dispositive motions shall be filed no later than February 13, 2006. Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to 25 pages in length.

     8.     This case is set for trial [ jury selection] on June 5, 2006, at 9:00 a.m. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of trial.

             **SIGNED AND ENTERED** this $4^{\underline{7h}}$ day of _August_ , 2005.

                                      **UNITED STATES DISTRICT JUDGE**

-2-

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

AUG - 9 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| WILBUR ALLMOND AND | § |
| GILBERTO WISE | § |
|     Plaintiffs, | § |
| | § |
| v. | §     SA-04-CA-1142-RF |
| | § |
| AKAL SECURITY, INC. AND ALBERTO | § |
| GONZALES, ATTORNEY GENERAL OF | §     4:05-CV-96 |
| THE UNITED STATES | § |
|     Defendant. | § |
| | § |

DEPUTY CLERK

2005 AUG 22   AM 9: 00
U.S. DISTRICT COURT
MIDDLE GEORGIA
FILED

### ORDER DENYING PLAINTIFF GENE ALLMOND'S
### MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Gene Allmond's Motion for Reconsideration of the Court's

Order granting Defendant's Motion to Transfer Claims of Plaintiff Allmond to the Middle

District of Georgia for Improper Venue (Docket No. 28), as well as Defendant Gonzales's

Response (Docket No. 32). After due consideration, the Court is of the opinion that Plaintiff's

Motion (Docket No. 28) should be DENIED.

### STANDARD OF REVIEW

Motions for reconsideration filed within ten days of judgment are to be treated as motions

to alter or amend judgment.[1]  Such motions may be granted to correct manifest errors in the facts

or law upon which the judgment is based, or to present newly discovered or previously

unavailable evidence.[2]  Relief also is appropriate to prevent injustice, or where an intervening

---

[1]*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

[2]*Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
R:\Kapur\Civil\JUNE\Almond v. Akal Security et al\Motion to Reconsider.wpd - Page 1

A true copy of the original, I certify
Clerk, U.S. District Court
By _____
                  Deputy

change in controlling law dispositive of the case exists.[3]

The motion may not be used by a party in order to raise new arguments, to relitigate old matters, or to present evidence that the moving party could have entered before the decision seeking reconsideration was entered.[4] The district court enjoys considerable discretion in granting or denying motions to reconsider.[5] In the interests of finality and conservation of judicial resources, motions for reconsideration should be granted sparingly.[6]

### DISCUSSION

In his Motion for Reconsideration, Plaintiff Allmond acknowledges that "the court is . . . right that there is no evidence that Mr. Allmond has any meaningful connections to the Western District of Texas and that none of the events that gave rise to his claim occurred in Texas."[7] Plaintiff reiterates, however, that venue is proper in the Western District of Texas because it is proper for co-plaintiff Wise's claims. Plaintiff also contends that this district is the appropriate venue based on the doctrine of pendent jurisdiction.

After due consideration of Plaintiff's arguments and Defendant's response, the Court upholds its previous determination that venue in the Western District of Texas is improper for Plaintiff Allmond's claim. Plaintiff Allmond has presented no new evidence, there has been no

---

[3]*Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[4]*Simon,* 891 F.2d at 1159; 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 127 (2d ed. 1995).

[5]*Id.* at 124.

[6]*Id.*

[7] Plaintiff Gene Allmond's Motion for Reconsideration, Docket No. 28, p. 2, June 16, 2005.
R.\Kapur\Civil\JUNE\Almond v Akal Security et al\Motion to Reconsider wpd - Page 2

intervening change in law since the Court granted Defendant's Motion to Transfer, and there is no need to alter the Court's judgment to correct manifest errors in the facts or law upon which the judgment is based.

Accordingly, It is ORDERED that Plaintiff Allmond's Motion for Reconsideration (Docket No. 28) be DENIED.

SIGNED this **9**ᵗʰ day of August, 2005.

ROYAL FURGESON
UNITED STATES DISTRICT JUDGE

R:\Kapur\Civil\JUNE\Almond v. Akal Security et al\Motion to Reconsider.wpd - Page 3