UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILBUR ALLMOND, : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE |
| : | NO. 4:05-CV-00096(HL) |
| vs. : | |
| : | |
| AKAL SECURITY, INC. and : | |
| ALBERTO GONZALES, Attorney General of : | |
| the United States, : | |
| : | |
| Defendants. : | |

**SUPPLEMENTAL PROTECTIVE ORDER REGARDING DOCUMENTS PERTAINING TO COURTHOUSE SECURITY**

The matter before the Court is Defendant Alberto Gonzales' Unopposed Motion for Supplemental Protective Regarding Documents Pertaining to Courthouse Security, submitted to the Court on March 6, 2006.

Plaintiff has served Defendant with requests for production (Requests for Production Nos 20-23) which seek information, *inter alia,* regarding court security procedures in the Middle District of Georgia, Columbus Division. Documents responsive to these requests include security post orders, policies concerning weapons, and the security procedures for individual judges in the Middle District of Georgia, Columbus Division. Defendant has identified these security sensitive documents as Bates Nos. ALLMOND_0271 through ALLMOND_0286.

After considering Defendant's Unopposed Motion, and recognizing the sensitivity of such information, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that the following additional protective procedures shall

1

apply to the documents enumerated above, and any supplemental security documents which may be designated by Defendant Gonzales upon notice to other counsel and the Court:

1.  Neither Plaintiff's counsel nor counsel for Defendant Akal Security, Inc. shall make copies of any such documents, unless necessary to submit to the Court as exhibits;

b.  To the extent any party deems it necessary to submit any such documents as evidence during any pre-trial proceeding, such documents shall be submitted under seal, and Plaintiff shall identify to the other parties in the case the documents submitted by bates number. To the extent any such documents need to be submitted as evidence at trial, the parties will confer with the Court regarding protective measures to be taken before any such evidence is offered;

c.  Counsel of the parties will only show their one copy of the security sensitive documents to individuals with a need to know and solely for the purpose of this litigation; and,

d.  At the conclusion of this litigation, which shall include any appeals, Plaintiff's counsel and counsel for Akal will return the specially designated security sensitive documents to the United States Attorney's Office for the Northern District of Alabama.

The Court's Protective Order of July 27, 2005 (docket no. 34 prior to transfer) still applies to all other documents produced by any party in discovery in this case which are not covered by this Supplemental Protective Order.

IT IS SO ORDERED.

SIGNED this 7th day of March, 2006

s/   Hugh Lawson
HON. HUGH LAWSON
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: n/a, and I hereby certify that on March 6, 2006, I mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

John Griffin, Jr.
Houston, Marek & Griffin
One Twenty Main Place, 3rd Floor
Victoria, Texas 77902

Katherine L. Butler
Margaret A. Harris
Butler & Harris
1007 Heights Boulevard
Houston, Texas 77008

Kurt Peterson
Littler Mendelson
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008

                                             **s/ Jack B. Hood**
                                             Jack B. Hood
                                             Assistant United States Attorney